UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER BURCHAK, | ) | Case No.: 1:14 CV 2545 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| U.S. NATIONAL ASSOCIATION, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* plaintiff Jennifer Burchak has filed this action in connection with a foreclosure action brought against her (and Eric G. Burchak) in Ohio state court, *U.S. Bank National Association v. Eric G. Burchak, et al.,* CV-12-787641 (Cuyahoga Cty. Court of Common Pleas).  The state court entered a judgment of foreclosure against the plaintiff and ordered the mortgaged property to be sold.  On July 28, 2014, the state court entered a decree of confirmation, confirming the sale and directing the Cuyahoga County Sheriff to execute and deliver a deed to U.S. Bank National Association, and the court issued a writ of possession.  On November 19, 2014, the plaintiff filed her complaint in this Court, purporting to allege claims under 42 U.S.C. §§ 1983, 1985, and 1986 against U.S. Bank (identified in the plaintiff's complaint as "U.S. National Association"), Felty & Lembright (a law firm representing U.S. Bank in the state foreclosure action), and the Cuyahoga

County Sheriff's Department. The Cuyahoga County Sheriff's Department has filed a motion to dismiss the action on the ground that it cannot be sued (Doc. No. 3); and U.S. Bank has filed a motion for a more definite statement (Doc. No. 4), asserting the plaintiff's complaint is virtually impossible to decipher and that it will have to move to dismiss the complaint because a borrower challenging a lender's foreclosure must raise her defenses and counterclaims in the underlying foreclosure case. Although the plaintiff's exact allegations are unclear, she clearly seeks to challenge her mortgage loan and U.S. Bank's entitlement to foreclose on her mortgage. She contends the note underlying her mortgage was procured by fraud and that Felty & Lembright filed a "fraudulent foreclosure complaint" in the state foreclosure case.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this Court is empowered, at any time, to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536–37 (1974). A case is frivolous if it lacks any arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The plaintiff's complaint here must be dismissed for lack of subject matter jurisdiction pursuant to *Apple v. Glenn*.

First, the claims the plaintiff asserts here are barred by the doctrine of *res judicata*, which provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013). Under the doctrine of *res judicata*, "[a] valid, final judgment rendered upon the

merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id*. at 493. A second suit is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). These criteria are all satisfied here: (1) the Cuyahoga County Court of Common Pleas docket reflects that a judgment of foreclosure was entered in the state case; (2) this lawsuit involves the same parties or their privies as the state foreclosure case; (3) the plaintiff could have litigated the claims she seeks to raise here in the state action; and (4) the plaintiff's claims arise out of the same "transaction or occurrence" that was the subject matter of the state action, *i.e.*, U.S. Bank's entitlement to foreclose on the plaintiff's mortgage loan. Accordingly, the claims the plaintiff seeks to assert in this case are barred as a matter of law. *See, e.g., Clark v. Lender Processing Serv., Inc.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's claims under the FDCPA and Ohio's Consumer Sales Practices Act where there was a prior, final decision on the merits in an underlying state foreclosure action).

Second, to the extent the plaintiff seeks to overturn specific rulings and/or the final judgment of the state foreclosure court itself, the plaintiff is attempting to appeal from a state court judgment. Such claims are barred by the *Rooker-Feldman* doctrine, which provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *See Givens v. Homecomings Financial*, Case No. 07-2359, 278 Fed. App'x 607, 2008 WL 2121008, at * 1 (6th Cir. May 20, 2008). *Rooker-Feldman* precludes "state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Accordingly, *Rooker-Feldman* bars this Court from hearing any purported challenge by the plaintiff to a judgment of the state foreclosure court itself. Rather, the plaintiff's proper remedy is through direct appeal of the state court judgment. A separate action such as this constitutes an improper collateral attack. *See Davet v. Fed. Natl. Mtge. Assn.*, No. 97890, 2012 WL 3228586 (Ohio App. 8th Dist. Aug. 9. 2012).

## Conclusion

For the reasons stated above, the plaintiff's complaint is hereby dismissed for lack of subject matter jurisdiction. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 8, 2015